IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DON REINKE and RESTORE )
SAVANNAH DEVELOPMENT, LLC; )
                            )
    Plaintiffs,             )
                            )
v.                          )   CASE NO. CV411-144
                            )
DARBY BANK & TRUST CO.;     )
DRAYPROP, LLC; DRAYPARK, LLC; )
MICHAEL BROWN; RUBEN CROLL; )
MOPPER-STAPEN, INC.; MARLEY )
MANAGEMENT, INC.; FEDERAL   )
DEPOSIT INSURANCE CORP., as )
receiver of the business and )
property of Darby Bank &    )
Trust Co.;                  )
                            )
    Defendants.             )
_____)

## O R D E R

Before the Court is Plaintiffs' Second Motion to Remand (Doc. 6) and Defendant Federal Deposit Insurance Corporation's, acting as receiver for Defendant Darby Bank and Trust ("FDIC-R"), Motion for Summary Judgment (Doc. 8). For the following reasons, Plaintiffs' motion is **DENIED** and Defendant FDIC-R's motion is **GRANTED**. Because there is no longer any federal issue in this case, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining claims. As a result, Plaintiffs' complaint and any pending motions are **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

This case stems from Plaintiffs' purchase of the Drayton Tower building's fourth floor in Savannah, Chatham County, Georgia. (Doc. 19 at 1.)  In July of 2005, Plaintiff Restore Savannah Development, a limited liability company solely managed by Plaintiff Don Reinke, purchased the Drayton Tower property based on representations made by Defendants that certain improvements and renovations would be completed within eight months of the date of purchase. (Doc. 6, Ex. 1 ¶ 14.)  In addition, Plaintiffs were informed by Defendants Mopper-Stapen, Michael Brown, and Reuben Croll that testing performed on the building showed that it was free of asbestos.  (Id. ¶ 20.)  According to Plaintiffs, they relied on certain representations by Defendant Darby Bank and Trust ("DBT") that it would provide up to $1,500,000.00 to cover the costs of certain promised repairs and improvements to Drayton Towers. (Id. ¶ 23.)

Ultimately, Defendant DBT was closed by the Georgia Department of Banking and Finance and placed under the receivership of Defendant FDIC-R. (Doc. 19 at 2.)  As a result, Defendant DBT did not disburse any of the funds allegedly promised for improvements and renovations, which were never completed. (Id.)  In addition, portions of the

building were later found to contain asbestos that would require remediation prior to any construction. (Doc. 6, Ex. 1 ¶¶ 21-22.) According to Plaintiffs, they "have been unable to realize the value of their investment into the Drayton Tower building" as a result of Defendants' actions. (Id. ¶ 25.)

On October 9, 2010, Plaintiffs filed a complaint in the State Court of Chatham County. (Id.) In the complaint, Plaintiffs assert state-law claims for fraud and negligent misrepresentation against all Defendants; breach of contract and warranty against Defendants Drayprop, Draypark, Brown, and Croll; damages; and attorney's fees. (Id.) On June 9, 2011, Defendants removed the case to this Court.[1] (Doc. 1.)

On July 11, 2011, Plaintiffs filed a Second Motion to Remand. (Doc. 6.) In the motion, Plaintiffs contend that this Court lacks jurisdiction because their claims satisfy the state-law exception to the statute conferring subject matter jurisdiction on this Court. (Id. at 3-8); see 12 U.S.C. § 1819(b)(2). In response, Defendant FDIC-R reasons that removal is proper because it has colorable defenses to

---

[1] This was Defendants' second removal, as the Court remanded the first because Defendant FDIC-R had not been properly substituted as a party prior to removal. (See CV410-300, Doc. 37.)

Plaintiffs' claims that are based on federal law. (Doc. 14 at 4-12.)

On July 13, 2011, Defendant FDIC-R filed a Motion for Summary Judgment. (Doc. 8.) In the motion, Defendant FDIC-R argues that Plaintiffs' claims against it are precluded under federal law because those claims are not based on a fully executed, properly documented agreement that is an official record of Defendant DBT. (Doc. 9 at 4-7.) In response, Plaintiffs contend that Defendant FDIC-R is not protected because Plaintiffs' claim against it will not result in the diminution of an asset acquired by Defendant FDIC-R. (Doc. 21 at 3-4.)

## ANALYSIS

I.   PLAINTIFFS' MOTION TO REMAND

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case

originally filed in state court is removed by the defendant, the defendant normally has the burden of proving that federal subject matter jurisdiction exists. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. <u>Burns v. Windsor Ins. Co.</u>, 21 F.3d 1092, 1095 (11th Cir. 1994). As further discussed below, however, these general principles are modified by statute and case law in an action where jurisdiction exists because the Federal Deposit Insurance Corporation ("FDIC") is a party.

All parties agree that this Court has jurisdiction, if at all, under a statute created by Congress—The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819. This statute, when read in conjunction with the general removal statute, 28 U.S.C. § 1441, allows the FDIC to remove "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party." 12 U.S.C. § 1819(b)(2)(A). However, removal is prohibited if the "state-law" exception to FIRREA removal applies, which is satisfied only if the action is one

> (i)   to which the Corporation, in the
>       Corporation's capacity as receiver of a
>       State insured depository institution by

>> the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary.

12 U.S.C. § 1819(b)(2)(D) (emphasis added). If the removal provision of FIRREA is satisfied, then the case is "deemed to arise under the laws of the United States," as a matter of statue. 12 U.S.C. § 1819(b)(2)(A). This result triggers the availability of removal under 28 U.S.C. § 1441(b), which allows for removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States." However, if the above "state-law" exception to FIRREA removal applies, then the action "shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D). As a result, removal on the basis of FIRREA alone would be improper.

As the sole basis for remand, Plaintiffs cite 12 U.S.C. 1819(b)(2)(D) and contend that this Court lacks jurisdiction over this action because the "claims are not deemed to arise under the laws of the United States."

(Doc. 6 at 5 (emphasis in original) (internal quotations omitted).) Before the merits of this argument are addressed, an overview of the modified procedural rules applicable to removal under FIRREA is needed. For example, the burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005) ("[E]ach of these three prongs must be established by a party to defeat removal."). Further, once the FDIC appropriately removes, a presumption arises that the removal of the case was proper. Lazuka v. FDIC, 931 F.2d 1530, 1535 (11th Cir. 1991) (superseded on other grounds by 12 U.S.C. § 1819(b)) ("We interpret this section creating a rebuttable presumption of federal jurisdiction. Therefore, absent some showing of an exception, according to section 1819(b)(2)(B) the FDIC may remove a case to federal district court.").

Defendants oppose Plaintiffs' motion on the basis that the state-law exception is inapplicable. (Doc. 14 at 4-8.) This state-law exception applies only if all three prongs in 12 U.S.C. § 1819(b)(2)(D) are satisfied, so a failure of any of the three is fatal to a claim that the exception applies to defeat removal. Castleberry, 408 F.3d at 785 (citing Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.,

7

83 F.3d 1317, 1323 n.3 (11th Cir. 1996) (en banc) (finding that the state-law exception was inapplicable because not all of the three prongs were satisfied), vacated on other grounds by Hess v. FDIC, 519 U.S. 1087 (1997)). Because both the parties and this Court find the third prong of the state-law exception dispositive of this motion, only that issue will be discussed.

After reviewing the parties' relative arguments and the undisputed facts of this case, the Court finds that Plaintiffs cannot establish the third prong of the state-law exception, requiring that "only the interpretation of the law of such State is necessary." 12 U.S.C. § 1819(b)(2)(D)(iii). As another variation of normal rules on remand, "Courts must look beyond the plaintiff's complaint to any defenses in order to determine if only state law issues are present." Reding v. FDIC, 942 F.2d 1254, 1257 (8th Cir. 1991); accord Lazuka, 931 F.2d at 1532 (noting that FIRREA "overcomes the 'well-pleaded complaint' rule by permitting the FDIC to assert a federal question in its answer"). Defendant FDIC-R asserts several defenses grounded solely on federal law. These defenses include the doctrine presented in D'Oench Duhme & Co. v. FDIC, 315 U.S. 447 (1942) as codified by 12 U.S.C. §§ 1821(d)(9)(A) and 1823(e), which precludes application of the state-law

8

exception. See Lopez v. Bank of Hiawassee, 2010 U.S. Dist. LEXIS 106872, at *4 (N.D. Ga. Oct. 5, 2010) (unpublished) (denying a motion to remand because "defenses raised by the FDIC-R which require the interpretation of federal law authorized removal of this action").

Plaintiff argues that the state-law exception does not apply because Defendant FDIC-R's proffered federal defenses are not colorable. (Doc. 21 at 4-5.) The Court, however, finds this argument to be without merit. Plaintiffs base this argument on the novel reasoning that Defendant DBT carried insurance that would completely cover the money damages sought by Plaintiffs. Plaintiffs conclude, therefore, that the federal defenses are inapplicable because insurance will cover any judgment awarded to Plaintiffs, meaning that there will be no diminution of Defendant FDIC-R's assets. (Id.) The problem with Plaintiffs' argument is that, regardless of its normative merits, it finds no basis in law. Therefore, the Court finds that the federal defenses offered by Defendant FDIC-R are, at the very least, colorable. Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

II. DEFENDANT FDIC-R'S MOTION FOR SUMMARY JUDGMENT

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or

defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

>   demonstrate the absence of a genuine issue of
>   material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

In its motion, Defendant FDIC-R argues that the doctrine laid out in D'Oench Duhme, 315 U.S. 447, codified in 12 U.S.C. §§ 1821(d)(9) and 1823(e), precludes

Plaintiffs' claim against it because the claim was not fully executed and properly documented by Defendant DBT. (Doc. 9 at 4-7.) In response, Plaintiffs contend that § 1823(e) is inapplicable because Plaintiffs' claim would be covered by an insurance policy carried by Defendant DBT, meaning that an award in Plaintiffs' favor would not diminish any asset acquired by Defendant FDIC-R. (Doc. 19 at 3-5.)

When the FDIC acts as a receiver, the D'Oench Duhme doctrine acts to preclude a private party from enforcing against the FDIC "any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records." Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). To effectuate this purpose, the statute provides that

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor,

12

>
> contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e). The Eleventh Circuit Court of Appeals has previously determined that, under § 1823(e), a document must be signed to be executed. Twin Const., Inc. v. Boca Raton, Inc., 925 F.2d 378, 384 (11th Cir. 1991). In addition, the party advancing the adverse interest bears the burden of establishing that an agreement satisfies the requirements of § 1823(e). See FDIC v. Oldenburg, 34 F.3d 1529, 1551 (10th Cir. 1994); Hanson v. FDIC, 13 F.3d 1247, 1253 (8th Cir. 1994).

In this case, the Court concludes that Plaintiffs' claims against Defendant FDIC-R are barred by § 1823(e). Plaintiffs' claim is based entirely on a letter signed by Defendant DBT Vice President Salita Hill, stating that Defendant DBT would "[g]uarantee the availability of funds up to the amount of $1,500,00.00" for improvements and renovations. (Doc. 19 at 1-2 (internal quotations omitted).) However, this letter is addressed to the Drayton Tower Condominium Association, not Plaintiffs.

(Doc. 9 at 7.) Therefore, it is not a signed agreement executed by the party bringing an adverse claim against the FDIC. 12 U.S.C. § 1823(e)(B). Furthermore, there is no indication in the record that the agreement was either approved by Defendant DBT's Board of Directors, id. § 1823(e)(C), or kept as an official record of Defendant DBT, id. § 1823(e)(D). In light of these shortcomings, the Court concludes that Plaintiffs' claim against Defendant FDIC-R is precluded by § 1823(e).

Seeming to admit as much, Plaintiffs attempt to remove their claim against Defendant FDIC-R entirely from the ambit of the D'Oench Duhme doctrine by arguing that their claim would not diminish the value of any asset held by Defendant FDIC-R because Defendant DBT carried insurance coverage for their claim. While there is some logical appeal to this novel argument, the Court remains unconvinced. The statute does not require the claim to actually result in the diminution of an FDIC asset. 12 U.S.C. § 1823(e). Rather, the statute applies to any claim that tends to diminish the value of an FDIC asset. Id. At a minimum, a claim such as this creates the likelihood of diminution of an FDIC asset, which appears to be all that is required for the application of § 1823(e). In any event, Plaintiffs' argument, which finds no support in any

previous case law, seeks to create from whole cloth a rather large exception to a well-established doctrine—a step this Court is unwilling to take. Accordingly, Defendant FDIC-R's Motion for Summary Judgment is **GRANTED**.

III. PLAINTIFFS' STATE-LAW CLAIMS AGAINST THE REMAINING DEFENDANTS

In light of the Court dismissing the only federal issue present in this case, the Court will now sua sponte examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' claims against the remaining Defendants for negligent misrepresentation, breach of contract, and fraud. Under § 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if [] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Factors the Court should consider in determining whether to exercise its discretion and decline supplemental jurisdiction include judicial economy, convenience, fairness, and comity. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

After careful consideration, the Court finds no reason to exercise its supplemental jurisdiction over Plaintiffs' remaining state-law claims. In the Court's opinion, having

these state-law issues heard in state court economizes judicial resources and is more convenient to the parties. In addition, notions of fairness and comity would suggest that a case now composed of claims based entirely on state law should be tried in a state court. Therefore, the Court will exercise its discretion under 28 U.S.C. § 1367(c) and **DISMISS** Plaintiffs' remaining claims against Defendants DBT, Drayprop, Draypark, Brown, Croll, Mopper-Stapen, and Marley Management.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 8) is **DENIED** and Defendant FDIC-R's Motion for Summary Judgment is **GRANTED**. Because there is no longer any federal issue in this case, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining claims. As a result, Plaintiffs' complaint and any pending motions are **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 30th day of March 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA