IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DON REINKE and RESTORE )
SAVANNAH DEVELOPMENT, LLC, )
 )
 Plaintiffs, )
 )
v. ) CASE NO. CV411-144
 )
DRAYPROP, LLC; DRAYPARK, LLC; )
MICHAEL BROWN; and MARLEY )
MANAGEMENT, INC.; )
 )
 Defendants. )
 )

## O R D E R

Before the Court is Defendants' Motion for Summary Judgment (Doc. 62). For the following reasons, Defendants' motion is **GRANTED**. Plaintiffs have not shown any genuine issue of material fact to support their claims for negligent misrepresentation, fraud, or breach of contract. As a result, Plaintiffs' claims for damages, punitive damages, and attorney's fees necessarily fail. Accordingly, Plaintiffs' case is hereby **DISMISSED**. As a result, Defendants' Motion to Exclude Testimony (Doc. 63) is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**BACKGROUND**

This case stems from Plaintiffs' purchase of an entire floor at the Drayton Tower building in Savannah, Georgia.[1] (Doc. 71, Attach. 1 at 2.) In making their purchase, Plaintiffs claim to have relied on various sales materials describing the planned development of the property, including a date on which renovations would be completed, and assurances that the building did not contain asbestos. (Id.) Ultimately, portions of the Drayton Towers building were found to contain asbestos that would require remediation and delay the renovations. (Id. at 2-5.) According to Plaintiffs, however, Defendants had actual knowledge that the building contained, or was suspected to contain, asbestos. (Id. at 2.)

On August 10, 2010, Plaintiffs filed this action in the State Court of Chatham County asserting state-law claims for fraud, negligent misrepresentation, and breach of contract against Defendants Drayprop, Marley Management ("Marley"),

---

[1] For the purposes of this motion for summary judgment, the Court construes the facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 577-78 (1986). Because the Court only addresses Defendants' motions, all facts are construed in the light most favorable to Plaintiffs.

and Brown,[2] as well as seeking damages, punitive damages, and attorney's fees. (Doc. 1, Ex. 3 ¶¶ 26-39.) On June 9, 2011, Defendants removed the case to this Court. (Doc. 1.) On October 15, 2014, Defendants filed their present Motion for Summary Judgment (Doc. 62), arguing that Plaintiffs have not demonstrated reasonable reliance on any statement made by Defendants (id. at 10-13) and that no contract exists between Plaintiffs and any Defendant (id. at 13-15).[3]

## ANALYSIS

I. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

---

[2] In their response to Defendants' Motion for Summary Judgment, Plaintiffs consented to dismissal of their claims against Defendant Draypark. (Doc. 71, Attach. 1 at 20.)
[3] Because the Court finds that Plaintiffs' claims fail on the merits, it need not address the other arguments contained within Defendants' motion for summary judgment.

3

U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88.

However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A. Defendant Brown

Plaintiffs assert that Defendant Brown can be held personally liable for the alleged fraud, negligent misrepresentation, and breach of contract claims. (Doc. 71, Attach. 1 at 7-12.) However, Plaintiffs have not shown that Defendant Brown acted in his individual capacity as opposed to on behalf of Defendants Drayprop or Marley. Personal liability cannot attach to Defendant Brown because "[a] member of a limited liability company 'is not a proper party to a proceeding . . . against a limited liability company, solely by reason of being a member of the limited liability company.' " Yukon Partners, Inc. v. Lodge Keeper Grp., 258 Ga. App. 1, 6, 572 S.E.2d 647, 651 (2002) (quoting O.C.G.A.

5

§ 14-11-1107(j)). To pierce the veil between a company and a member, a claim must go a step further and "show that the [member] disregarded the separateness of legal entities by comingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." Christopher v. Sinyard, 313 Ga. App. 866, 867, 723 S.E.2d 78, 80 (2012). Although the issue of veil piercing is typically for the jury to decide, summary judgment is appropriate if "there is no evidence sufficient to justify disregarding the corporate form." Id.

Here, Plaintiffs have presented no facts that suggest either Defendants Drayprop or Marley ever served as the alter ego of Defendant Brown. Rather, Plaintiffs merely offer several instances of Defendant Brown's name being included on a loan approval form in the name of Defendant Drayprop. (Doc. 71, Attach. 1 at 10-11.) Plaintiffs argue that a reference in the loan approval form suggesting that Defendant Brown previously dealt with that bank establishes that the newly formed Defendant Drayprop was the alter ego of Defendant Brown. (Id.) Finally, Plaintiffs point out that other companies in which Defendant Brown had financial interests, namely Durbin Holdings, LLC, Brothers Trading Holding, LLC, and Washco, LLC, were guarantors of the loan. (Id.) Even taken as true, however, these facts do not

demonstrate a genuine dispute as to whether Defendant Brown ever acted on his individual behalf.

It appears abundantly clear that Defendant Brown was acting simply as an employee or owner of separate and distinct legal entities. Indeed, Defendant Brown's actions are consistent with a member of an LLC executing documents on its behalf. In any event, Plaintiffs have failed to point to any evidence that would permit a jury to conclude that Defendant Brown "disregarded the separateness of legal entities by comingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." Christopher, 313 Ga. App. at 867, 723 S.E.2d at 80. Accordingly, the Court can discern no reason to disregard a limited liability company member's rightful and normal immunity to personal liability in this case. As a result, Defendants are entitled to summary judgment with respect to Plaintiffs' claims against Defendant Brown.

III. NEGLIGENT MISREPRESENTATION

Plaintiffs argue that Defendants represented to Plaintiffs that (1) renovations on Drayton Tower, including the water tower, would be complete by March 1, 2006; (2) that window frames on the buildings would be polished so that the exterior would have its original appearance; and (3) that Drayton Tower "had been tested and found to be

7

asbestos free." (Doc. 1, Ex. 3 ¶ 27.) Under Georgia law, a claim of negligent misrepresentation must be supported by a showing that (1) a defendant negligently supplied false information to foreseeable persons; (2) such persons reasonably relied upon that false information; and (3) such persons experienced economic injury proximately caused by such reliance. Hendon Props., LLC v. Cinema Dev., LLC, 275 Ga. App. 434, 439, 620 S.E.2d 644, 649 (2005). To establish reasonable reliance, a plaintiff must establish that he exercised due diligence. See White v. BDO Seidman, LLP, 249 Ga. App. 668, 672, 549 S.E.2d 490, 494 (2001).

With respect to the renovations, Plaintiffs point to a sales pamphlet that they contend incorrectly stated the cooling tower "had many years left" and also included an electrical systems proposal by an unknown author. (Doc. 71, Attach. 1 at 13.) According to Plaintiffs, the incorrect statement and suspect electrical plans are evidence that Defendants knew or should have known that the renovations would not be completed by March 1, 2006. (Id.) In addition, Plaintiffs contend that Defendants informed them that the building did not contain asbestos, despite Defendants having been previously advised that the building could contain asbestos. (Id. at 14.) Therefore, Plaintiffs argue, Defendants should have known that the building contained

8

asbestos and would not be completely renovated by the anticipated deadline.[4] (Id. at 14-15.)

A. Renovations

With regard to the building's renovations, there is no evidence to indicate that the identity of the electrical proposal's author has any bearing on this case, or that the fact the cooling tower needed a switch replaced somehow negates the statement that it had "many years of life left." (Id.) Even assuming that Defendants indeed made statements regarding the building that turned out to be false, Plaintiffs have still provided no evidence to show that Defendants should reasonably have known that these facts would delay the completion of the renovations. Rather, Plaintiffs merely state, without any citation, that "there is ample evidence in the record that the Defendants knew the promised renovations would not be completed by March 1, 2006, as they represented to Plaintiffs." (Id. at 14.)

Despite Plaintiffs' failure to support this statement with evidence from the record, the Court has reviewed the record and failed to identify any evidence that would permit a reasonable jury to conclude that Defendants knew they

---

[4] Plaintiffs make no argument concerning the polishing of the building's windows, and appear to have abandoned this claim. However, even if the claim remains, it fails for the same reason as Plaintiffs' other allegations that Defendants negligently misrepresented the timeline for renovations.

9

would be unable to complete the renovations as anticipated. While Plaintiffs go to great length in their attempt to show the falsity of Defendant's representations with regard to the timeline for completion of renovations, it remains the case that Plaintiffs offer nothing more than conclusory allegations to support their assertion of negligent misrepresentation. Because Plaintiffs fail to demonstrate that Defendants should have known their representations were false, Plaintiffs' negligent misrepresentation claims regarding the completion date of the renovations fail as a matter of law.

B. Asbestos

Plaintiffs' complaint alleges that Defendants misrepresented "that the Drayton Towers building had been tested and found to be asbestos free." (Doc. 1, Ex. 3 ¶ 27.) According to Plaintiffs, Defendants knew as early as February 2005 that certain materials in the building were suspected to contain asbestos. (Doc. 71, Attach. 1 at 2-5.) However, all evidence in the record indicates that prior to the discovery of asbestos on May 17, 2006 the results of all asbestos testing had been negative. (Doc. 62, Ex. K.)

In support of their argument, Plaintiffs cite to a February 21, 2005 letter from Superior Results Environmental, Inc. stating that a visual inspection

revealed the possibility of asbestos. (Doc. 71, Ex. F.) However, Defendants performed the recommended testing on June 23, 2005, the results of which were negative. (Doc. 62, Ex. K.) Accordingly, the Court does not find that Defendants negligently misrepresented the status of the building simply because it was ultimately discovered that the building required asbestos abatement.

Even if the Court were to assume the falsity of Defendants' statement, Plaintiffs have nonetheless failed to show they were reasonable in relying on that statement. Plaintiffs have not identified any evidence in the record that would establish they undertook any type of investigation into the accuracy of the statement or the environmental quality of the property. For instance, Plaintiffs neither conducted any tests of the property nor examined any of the inspection reports or test results prior to purchasing.

Accordingly, the Court finds that Defendant's alleged statements concerning asbestos cannot sustain a claim for negligent misrepresentation. The alleged false statements were, in fact, true. Even if the Court were to assume that Defendants negligently made a false statement regarding asbestos in the building, Plaintiffs have not produced evidence showing they relied on the statement, nor does the

Court find it would have been reasonable for them to do so. Accordingly, Plaintiffs' claims on this matter must fail.

IV. FRAUD

To support their claim of fraudulent misrepresentation, Plaintiffs must show that (1) Defendants made false representations; (2) Defendants knew the representations were false at the time they were made; (3) Defendants made the representations intending to deceive Plaintiffs and induce them to rely on the representations; (4) Plaintiffs justifiably relied on the representations; and (5) Plaintiffs suffered damages as a result of the representations. See Grand Master Contracting, L.L.C. v. Lincoln Apartment Mgmt. Ltd. P'ship, 314 Ga. App. 449, 451, 724 S.E.2d 456, 458 (2012). As described above, however, Plaintiffs have offered no facts showing that Defendants knew their representations were false. Additionally, no evidence has been presented showing that Defendants knew the renovations would be delayed, and it is clear that no one had affirmative knowledge of asbestos's presence in the building until May 17, 2006 when the Georgia Environmental Protection Division sent a letter to Defendant Brown indicating that the building indeed did contain asbestos. (Doc. 62, Ex J.) Accordingly, for largely the same reasons that Plaintiffs' negligent misrepresentation claim is

12

without merit, the Court finds Plaintiffs' claim for fraudulent misrepresentation also fails as a matter of law.

V. BREACH OF CONTRACT

In Georgia, the elements for a breach of contract claim are (1) a breach of the contract; (2) damages that result from the breach; and (3) the damaged party has the right to complain about the contract being broken. Norton v. Budget Rent A Car Sys. Inc., 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (2010). "A breach occurs if a contracting party . . . fails to perform the engagement as specified in the contract . . . ." UWork.com, Inc. v. Paragon Techs., Inc., 321 Ga. App. 584, 590, 740 S.E.2d 887, 893 (2013). In other words, to assert a claim for breach of contract, the party against whom the claim is brought must have been a party to the contract. Id. A contract, however, must exist before someone can breach it. At a minimum, valid contracts have four essential elements: (1) parties able to contract; (2) consideration; (3) agreement by the parties to the terms of the contract, the essence of which is a meeting of the minds; and (4) a subject matter on which the contract can operate. O.C.G.A. § 13-3-1.

In this case, none of the Defendants were parties to any contract with Plaintiffs for the sale of the Drayton Tower property. (Doc. 77 at 1.) Rather, the Purchase and

13

Sale Agreement was between Plaintiff Restore Savannah and RMW, LLC, who is not a party to this lawsuit. (Id.) Plaintiffs argue that Defendants can still be held liable because RMW is a predecessor to Defendant Drayprop and that Defendant Brown is a principal member of an LLC that owned Drayprop. (Id.)

Plaintiffs' argument, however, is without merit. Both cases Plaintiffs cite in support of their position involve the transfer of assets from one entity to another. See Pet Care Prof'l Ctr., Inc. v. BellSouth Adver. & Pub. Corp., 219 Ga. App. 117, 118, 464 S.E.2d 249, 250-51 (1995) (noting successor corporation acquired assets of prior entity (quoting Johnson-Battle Lumber Co. v. Emanuel Lumber Co., 33 Ga. App. 517, 517, 126 S.E. 861, 861-62 (1924))); Bullington v. Union Tool Corp., 254 Ga. 283, 284, 328 S.E.2d 726, 727 (1985). In this case, there is no evidence in the record that Defendant Drayprop actually acquired any assets of RMW.[5] Moreover, the fact that Defendant Brown is a member of both Defendant Drayprop and RMW does not, in itself, provide a basis for ignoring the separate legal entity of RMW. Because

---

[5] In fact, the Secretary of State for Georgia lists RMW as an active and compliant LLC. Georgia Secretary of State, Georgia Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformatio?businessId=953729&businessType=Domestic%20Limited%20Liabiliy%20Company (last visited Sep. 30, 2015).

Plaintiffs have failed to identify a genuine issue of material fact with respect to Defendant Drayprop's liability under the Purchase and Sale Agreement, Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 62) is **GRANTED**. Plaintiffs have not shown any genuine issue of material fact to support their claims for negligent misrepresentation, fraud, or breach of contract. As a result, Plaintiffs' claims for damages, punitive damages, and attorney's fees necessarily fail. Accordingly, Plaintiffs' case is hereby **DISMISSED**. As a result, Defendants' Motion to Exclude Testimony (Doc. 63) is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 30th day of September 2015.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA